IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00459-BNB

RICHARD JENKINS,

Applicant,

v.

STATE OF COLORADO, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 17 2008

GREGORY C. LANGHAM
                    CLERK

---

ORDER OF DISMISSAL

---

Applicant Richard Jenkins is a prisoner in the custody of the Colorado Department of Corrections at the Arrowhead Correctional Center at Cañon City, Colorado. Mr. Jenkins initiated this action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his sentence in El Paso County District Court case number 99CR2611. In an order filed on April 22, 2008, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On May 8, 2008, Respondents filed their Pre-Answer Response. Mr. Jenkins has not filed a reply to the Pre-Answer Response.

The Court must construe the application and other papers filed by Mr. Jenkins liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

Mr. Jenkins alleges that he pled guilty to one count of sexual assault on a child and that he originally was sentenced in November 1999 to five years in community corrections. On December 16, 2002, after being terminated from community corrections, Mr. Jenkins was resentenced to an indeterminate term of five years to life in prison. Mr. Jenkins did not file a direct appeal. However, he did file in the trial court a number of postconviction motions challenging the validity of his prison sentence. On March 28, 2003, Mr. Jenkins filed a motion alleging ineffective assistance of counsel that was denied on April 1, 2003. On April 4, 2003, Mr. Jenkins filed a motion to reconsider his sentence that was denied on April 8, 2003. Mr. Jenkins then filed three motions to correct an illegal sentence in 2004. The final motion to correct an illegal sentence, which was filed on June 15, 2004, was denied on June 22, 2004. Mr. Jenkins appealed from the trial court's June 22, 2004, order and on April 20, 2006, the Colorado Court of Appeals affirmed the June 22, 2004, order. On November 27, 2006, the Colorado Supreme Court denied Jenkins' petition for writ of certiorari and the mandate issued on December 8, 2006. The court received the instant action for filing on February 29, 2008.

Mr. Jenkins asserts one claim for relief contending that his prison sentence violates the constitutional prohibition on ex post facto laws. He specifically argues that he was sentenced pursuant to the Lifetime Supervision of Sex Offenders Act, Colo. Rev. Stat. §§ 18-1.3-1001, et seq., even though that act did not take effect until after he

committed his crime. Mr. Jenkins alleges that he was convicted for a sexual assault that occurred in 1995 and that the act took effect in 1998.

Respondents first contend that the habeas corpus application filed by Mr. Jenkins is barred by the one-year limitation period in 28 U.S.C. § 2244(d). That statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

3

Pursuant to § 2244(d)(1)(A), the one-year limitation period generally begins to run on the date a judgment of conviction becomes final. As noted above, Mr. Jenkins is challenging the validity of his prison sentence. Therefore, the Court finds that the one-year limitation period did not begin to run until after he was resentenced to prison in December 2002. Pursuant to Rule 4(b) of the Colorado Appellate Rules, Mr. Jenkins had forty-five days to file a notice of appeal after he was resentenced to prison. As a result, the Court finds that Mr. Jenkins' sentence became final on January 30, 2003, when the time for filing a direct appeal expired. The Court also finds that the one-year limitation period began to run on January 30, 2003, because Mr. Jenkins does not allege any facts or assert a claim that would cause the one-year limitation period to begin on some later date.

Respondents concede that the one-year limitation period was tolled while the various postconviction motions filed by Mr. Jenkins in 2003 and 2004 were pending in state court. However, the time after the sentence became final on January 30, 2003, and before Mr. Jenkins filed his postconviction motion on March 28, 2003, counts against the one-year limitation period as does any other period of time in 2003 and 2004 when no postconviction motion was pending in state court. Most importantly, the entire time after the proceedings relevant to the final state court postconviction motion concluded on December 8, 2006 and prior to the instant action being filed on February 29, 2008, also counts against the one-year limitation period. Because the time between December 8, 2006, and February 29, 2008, by itself exceeds one year, the Court finds that the instant action is time-barred in the absence of some other reason to toll the one-year limitation period.

4

The one-year limitation period in § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). In addition, equitable tolling may be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). However, simple excusable neglect is not sufficient to support equitable tolling. *See id.* Furthermore, equitable tolling is appropriate only if the inmate pursues his or her claims diligently. *See Miller*, 141 F.3d at 978. Finally, Mr. Jenkins bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.*

Mr. Jenkins fails to allege any facts that might justify equitable tolling of the one-year limitation period. Therefore, the instant action will be dismissed as barred by the one-year limitation period. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed because it is barred by the one-year limitation period in 28 U.S.C. § 2244(d).

DATED at Denver, Colorado, this 17 day of June, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00459-BNB

Richard Jenkins
Prisoner No. 115843
Arrowhead Correctional Center
PO Box 300 - Unit B
Cañon City, CO 81215-0300

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 6/17/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk